UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| DAVID HOLLAND, individually and on behalf of others similarly situated, | : : : | CASE NO. 23-cv-589 |
| | : | OPINION & ORDER |
| Plaintiff, | : : | [Resolving Doc.6, 9] |
| v. | : : | |
| RITE AID CORPORATION, JOHN T. STANDLEY, DARREN KARST, HEYWARD DONIGAN, and MATTHEW C. SCHROEDER, | : : | |
| Defendants. | | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this securities class action against the Rite Aid Corporation and related individual Defendants, Plaintiff Jennifer DaSilva has filed a motion for appointment as Lead Plaintiff and for approval of her counsel as Lead Counsel.[1] Although three other Plaintiffs originally filed competing motions for appointment as Lead Plaintiff, they have all since withdrawn their motions or stated their non-opposition to Da Silva's appointment, in recognition of DaSilva's status as the Plaintiff with the largest financial interest in the litigation.[2] DaSilva's motion is now unopposed and the time for further Lead Plaintiff applications has passed.

The Private Securities Litigation Reform Act of 1995 ("PSLRA") presumes that the most adequate plaintiff in any private PSLRA action is the person or group of persons that

---

[1] Doc. 6.
[2] Doc. 8, 14, 17, 19.

Case No. 23-cv-589
GWIN, J.

has either filed the complaint [...]; or who in the determination of the court, has the largest financial interest in the relief sought by the class; and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.[3]

This suit was originally filed by a different plaintiff, but that plaintiff, David Holland, has not moved for Lead Plaintiff status. Thus, as the plaintiff with the largest financial interest, DaSilva appears to be an appropriate Lead Plaintiff.

"The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."[4] Plaintiff DaSilva has selected Levi & Korsinsky as Lead Counsel, a firm which she contends has substantial experience in the prosecution of shareholder and securities class actions. The Court has no reason before it to reject Plaintiff' choice of counsel.

The Court **GRANTS** Plaintiff DaSilva's motion for appointment as Lead Plaintiff and selection of Lead Counsel. Because Plaintiff Richard Patterson did not withdraw his motion for appointment as Lead Plaintiff but did file a statement of non-opposition to DaSilva's appointment, the Court correspondingly **DENIES** Plaintiff Patterson's motion for appointment as Lead Plaintiff.

IT IS SO ORDERED.

Dated: June 22, 2023

*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[3] 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).
[4] 15 U.S.C. § 78u-4(a)(3)(B)(v).

- 2 -